# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim Nos: |
| | | 2012A39714/A39729/A39731/A39732 |
| | § | |
| vs. | § | |
| | § | |
| Eve M. Hill | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1.  This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2.  The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 4 E. Alexandrine, Apt. 1119, Detroit, Michigan 48201.

### The Debt

#### First Cause of Action - Claim Number: 2012A39714

3.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $140.00 |
| B. Current Capitalized Interest Balance and Accrued Interest | $134.47 |
| C. Administrative Fee, Costs, Penalties | $0.00 |

| | |
|---|---|
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2012A39714** | **$274.47** |

<u>Second Cause of Action - Claim Number: 2012A39729</u>

4. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $982.27 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,178.61 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2012A39729** | **$3,160.88** |

<u>Third Cause of Action - Claim Number: 2012A39731</u>

5. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,625.00 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,872.34 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2012A39731** | **$8,497.34** |

<u>Fourth Cause of Action - Claim Number: 2012A39732</u>

6. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $4,882.71 |
| B. Current Capitalized Interest Balance and Accrued Interest | $6,118.62 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2012A39732** | **$11,001.33** |

**TOTAL OWED (Claim Numbers 2012A39714/A39729/A39731/A39732)**    **$22,934.02**

The Certificates of Indebtedness, attached as Exhibits "A", "B", "C" and "D", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.000% per annum or $0.02 per day on Claim Number 2012A39714, 7.000% per annum or $0.19 per day on Claim Number 2012A39729, 10.000% per annum or $0.72 per day on Claim Number 2012A39731 and 3.420% per annum or $0.46 per day on Claim Number 2012A39732.

### **Failure to Pay**

7. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraphs 3, 4, 5, and 6 above, plus prejudgment

interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

      B. For attorneys' fees to the extent allowed by law; and,

      C. For such other relief which the Court deems proper.

                Respectfully submitted,

          By: s/Charles J. Holzman (P35625)
              Holzman Corkery, PLLC
              Attorneys for Plaintiff
              Tamara Pearson (P56265)
              28366 Franklin Road
              Southfield, Michigan 48034
              (248) 352-4340
              usa@holzmanlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 0F 4**

Eve M. Hill
aka: Eve Hill
4 E. Alexander Ave., Apt. 1119
Detroit, MI. 48201
Account No. XXX

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 4/02/12.

On or about 9/26/79, the borrower executed promissory note(s) to secure loan(s) of $70.00 and $70.00 from Detroit Business Institute at 3% interest per annum. The institution made the loan under the Federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087aa et seq. (34 C.F.R. Part 674). The institution demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 11/02/84. Due to this default, the institution assigned all rights and title to the loan to the Department of Education.

After the institution credited all cancellations due and payments received, the borrower owed the school $140.00 principal and $9.10. This principal and interest, together with any unpaid charges, totaled $149.10. The loan was assigned to the Department on 3/15/83.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $140.00 |
| Interest: | $130.82 |
| Total debt as of 3/05/12: | $270.82 |

Interest accrues on the principal shown here at the rate of $0.02 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4 / 2 / 12

Laura Bevan
Loan Analyst
Litigation Support Unit

# PROMISSORY NOTE
## NATIONAL DIRECT STUDENT LOAN PROGRAM

| (CITY, STATE, AND ZIP CODE) |
|---|
| Detroit, Michigan 48201 |
| STUDENT SOCIAL |
| SECURITY NUMBER |

I, **Eve Hill** , hereinafter called the maker promise to pay

TO **Detroit Business Institute** , hereinafter called the lending institution,

(NAME OF INSTITUTION)

LOCATED AT **115 State Street, Detroit, Michigan 48226** , the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below together with all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due.

### SCHEDULE OF ADVANCES

| | AMOUNT | DATE | SIGNATURE OF MAKER |
|---|---|---|---|
| 1 | $ 70.00 | 9-26-79 | Eve Hill |
| 2 | $ 70.00 | 9-26-79 | Eve Hill |
| 3 | $ | | |
| 4 | $ | | |
| 5 | $ | | HILL*EVE H * |
| 6 | $ | | LOAN NO: 8306022059 07-05-83 |
| | | | SSN D 1 |

The maker further understands and agrees, and it is understood between the parties that:

I.     All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note are subject to interpretation shall be construed in the light of such Act and federal regulations pertaining to such Act, copies of which shall be kept by the lending institution.

II.     Repayment of principal, together with interest thereon, shall be made over a period commencing (except when Paragraph III (3) is applicable) 9 months after the date on which the maker ceases to carry, at an institution of higher education, or at a comparable institution outside the States approved for this purpose by the U.S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal monthly installments (as determined by the lending institution) in accordance with the schedule which is attached to and made part of this note.

III.     This note is subject also to the following conditions:

    (1) The maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

    (2) In the event of a failure to meet a scheduled repayment of any of the installment due on this note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending institution, become immediately due and payable.

    (3) Interest shall not accrue, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (B) not in excess of 3 years during which the maker (I) is on full-time active duty as a member of the Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (II) is in service as a volunteer under the Peace Corps Act, or (III) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (Vista). Any such period in (a) or (b) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.

    (4) If the maker undertakes service after June 30, 1972, (a) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purpose of this clause and for that year has been designated by the Commissioner in accordance with the provisions of Section 465(A)(2) of the Act as a school with a high enrollment of students from low-income families, or (b) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

    (5) If, after June 30, 1972, the maker undertakes service as a full-time staff member in a preschool program carried on under Section 222(A)(1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

    (6) If, after June 30, 1972, the maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under Section 310 of Title 37, United States Code.

    (7) The maker is responsible for informing the lending institution of any change or changes in his address.

    (8) Notwithstanding the repayment schedule otherwise calculable to Part II, the maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the maker receives or has received other National Direct Student Loans from other funds authorized by the Act at one or more other lending institutions, he/she shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

    (9) If the maker fails to make timely payment of all or any part of a scheduled installment, or if the maker is eligible for deferment or cancellation of payment (pursuant to Part III(3), (4), (5), or (6)), but fails to submit timely and satisfactory evidence thereof, the maker promises to pay the charge assessed against him by the lending institution. No charge may exceed $1 for the first month or part of a month by which such installment or evidence is late, and $2 for each month or part of a month thereafter. If the lending institution elects to add the assessed charge to the outstanding principal of the loan, it shall so inform the maker prior to the due date of the next installment.

IV.     This note shall not be assigned by the lending institution except, upon transfer of the maker to another institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such institution; provided that assignment may be made to (a) institutions other than those to which the maker has transferred in the United States where the lending institution ceases to function as an educational institution and (b) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending institution shall where appropriate relate to an assignee.

V.     The maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other institutions.

### SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| | AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|---|
| 1 | $ | | | |
| 2 | $ | | | |

SIGNATURE **Eve Hill** DATE **9-26** 19 **79**

PERMANENT ADDRESS **545 Erskine, Detroit, Michigan 48201**

(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT—This note shall be executed without security and without endorsement, except that if the maker is a minor and this note would not, under the law of the state in which the lending institution is located, create a binding obligation, either security or endorsement may be required. The lending institution shall supply a copy of this note to the maker.

SIGNATURE OF ENDORSER _____ DATE _____ 19 ____

PERMANENT ADDRESS _____

(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

_Joy Bell_                    _12-10-98_

NAME                          DATE

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

NAME _____   12-15-98

DATE

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 OF 4**

Eve M. Hill
aka: Eve Hill
4 E. Alexander Ave., Apt. 1119
Detroit, MI. 48201
Account No. XXX.ᵛ

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 4/02/12.

On or about 5/01/79, the borrower executed promissory note(s) to secure loan(s) of $1,000.00 from Michigan Higher Education Student Loan, Lansing, MI. This loan was disbursed for $1,000.00 on 5/17/79 at 7% interest per annum. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 1/01/81, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,023.33 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/04/92, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 982.27 |
| Interest: | $2,118.84 |
| Total debt as of 4/02/12: | $3,101.11 |

Interest accrues on the principal shown here at the rate of $0.19 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4 / 2 / 12

*Laura Bevan*
Laura Bevan
Loan Analyst
Litigation Support Unit

FA 4599 F
2-78

Michigan Department of Education
**STUDENT FINANCIAL ASSISTANCE SERVICES**
Box 30051, Lansing, Michigan 48909
STATE DIRECT LOAN PROGRAM
**INTERIM NOTE**

MAY 0 7 1979

APRIL    16, 19__
Date

On JUNE    01, 19 80, or on such accelerated or extended due date as provided for herein, for value received the undersigned promis
pay to Mich. Higher Ed. Student Loan Authority hereinafter called the Authority on order the principal sum of $ 1000.00 together with interest the
from the date of this note at the rate of 7 % per annum. The undersigned (hereinafter called the Maker) shall pay such principal and interest at the c
of the Authority at Lansing, Michigan or at such other place as the holder hereof shall designate to the Maker in writing in lawful money of the United S
of America.

AMOUNT FINANCED $ 1000.00    ANNUAL PERCENTAGE RATE 7 %

Disbursement of the proceeds of this loan will be made as follows:

| Disbursement Amount | Date | Disbursement Amount | Date | Disbursement Amount | Date | Total Disbursemen |
|---|---|---|---|---|---|---|
| $990.00 | 05-01-79 | $ .00 | - - | | | $1000.0 |

The Authority will deduct the fee of 1% of the principal amount of the loan, in the amount of $ 10.00, for the guaranteeing of the loan, from the first
bursement and pay it to the State Guarantee Agency on behalf of the Maker.

Interest payment by the United States Commissioner of Education shall be made if the Maker meets the federal interest benefit requirements. To the ex
interest on this note will not be paid by the U.S. Commissioner of Education, the Maker agrees to pay interest to the Authority:

☐ Quarterly    ☐ Semi-Annually    ☐ At time Payout Note is signed.

Principal amount of the loan may be paid at the option of the Maker by executing and delivering an approved installment Payout Note to the Authority cal
for the first payment due no earlier than the maturity date of this note.

MAKER: The Maker promises to: (I) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to attendance at the elig
school said borrower is accepted for enrollment or is already enrolled on the date hereof, and, (II) send written notice to the Authority (or, if the borro
shall have received written notice of the name and address of a subsequent holder, then to such subsequent holder) of any changes occurring in the enrollm
status or home address of the borrower or of the occurrence of any event which would allow the holder to declare this note in default.

ACCELERATION: The Maker further agrees: (I) if the course of study is reduced to less than half-time status, or (II) if the Maker transfers to a school not elig
under terms of the Michigan Guaranteed Loan Program, that the maturity date of this note is hereby accelerated. The new maturity date shall be not less t
nine months after the date of the occurrence of either of the above.

EXTENSION: The maturity date of the within note is based on a date not less than nine months and not more than twelve months after the date of graduation
The Maker agrees, if the graduation date changes during the period of this Interim Note, then the maturity date of this note shall be changed accordingl
It is further agreed that if the Maker continues in at least half-time status at an eligible school prior to the expiration of the grace period, an extention
the loan maturity date will be made so that the new maturity date shall not be earlier than nine months nor later than twelve months after the new graduat
date. If the Maker enters military service, the Peace Corps, or VISTA, conversion to repayment status may be deferred, at the option of the Authority t
maximum of three years.

If this note falls due on a Saturday, Sunday, or public holiday, it shall be payable on the next succeeding business day and such additional time shall be includ
in the computation of interest.

The Maker, if more than one, shall be jointly and severally liable hereunder and the term 'Maker' wherever used herein shall mean the Maker or any c
or none of them.

The Maker is legally obligated under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the note even though the Maker may be und
eighteen (18) years of age. No delay on the part of the holder or guarantor hereof in exercising any of its options, powers, or rights or partial or single
exercise of any of such options, powers, or rights.

The Maker and Co-Maker if any waive demand, presentment for payment and notice of dishonor.

The Maker, Holder and Guarantor agree to all conditions and obligations as contained in federal or state statutes concerning the guaranteed loan progra
including but not limited to repayment and events of default.

The Maker has the option to prepay without penalty all or any part of the principal plus accrued interest at any time. Interest shall cease to accrue on t
amount of prepayment. The Maker acknowledges receipt of an exact copy of this note PRIOR to consummation of the transaction.

| Co-Maker (Signature) NOT REQUIRED | Maker (Signature) *Eve Hill* |
|---|---|
| Address of Co Maker | Address of Maker 545 Erskine |
| City | State | Zip Code | City Det | State Mich | Zip Code 48201 |

Subscribed and sworn before me this

_79_ day of _May_

_Yvonne Bembry_
Notary Public

_1529 Broadway_
Notary's Address

HILL, EVE M

* 0   GL 254711W

HILL, EVE, M
YVONNE A CLAIM NO 1993050030047 12-04-92
Notary Public Ways SSN    D  1
My Commission Exp

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

*by Bull*                12-15-8C
NAME                        DATE

The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority its interest in this note. WACHOVIA SERVICES, INC., as authorized agent of the State Direct Student Loan Program.

By: _Sarah H. Stephens_

Sarah H. Stephens
Assistant Vice-President

Date: _6/25/81_

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

Joy Bell                    12-15-96

NAME                       DATE

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #3 OF 4**

Eve M. Hill
aka: Eve Hill
4 E. Alexander Ave., Apt. 1119
Detroit, MI. 48201
Account No. XXX

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 4/02/12.

On or about 9/02/82, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Aetna Bank, Chicago, IL. This loan was disbursed for $2,625.00 on 11/16/88 at 10% interest per annum. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 6/15/93, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,358.96 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/25/96, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,625.00 |
| Interest: | $5,644.18 |
| Total debt as of 4/02/12: | $8,269.18 |

Interest accrues on the principal shown here at the rate of $0.72 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/2/12

Laura Bevan
Loan Analyst
Litigation Support Unit

## AETNA BANK

JUN 1993  00809  GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE    1008916

**SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"**

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate |
|---|---|---|---|---|
| | Hill | Eve | M | |

| 4. Permanent Home Address | City, State, Zip Code | 5. Area Code/Telephone No. |
|---|---|---|
| 4E Alexandrine | Det, Mich 48201 | None |

**6. United States Citizenship Status (Check One) (See Instructions)**
- [ ] a. U.S. Citizen/National
- [ ] b. Eligible non-citizen (Alien #
- [ ] c. Neither of the above

**7. You are a permanent resident of what state?**
State: MI Since: 1957

**8. State of Driver's License** None
Driver's Lic. #: _____ Since: _____
State of Veh. Reg.: _____ Since: _____

| 9. Loan Period From 09 Mo 88 Yr To 02 Mo 89 Yr | 10. Loan Amount Requested $ 2635 00 | 11. Major course of study MGPA | 12. List post secondary institutions you have attended including dates: NTCC |
|---|---|---|---|

**13. Have you ever defaulted on a GSL, PLUS/SLS or Consolidation Loan?**  [ ] Yes [X] No  If "Yes", see instruction

**14. Have you received a GSL, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988?** [ ] Yes [X] No

**15.** List below all GSL, PLUS/SLS and Consolidation Loans. Do Not include Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE". If out-of-state loan, include proof of interest rate and unpaid balance.

| Name of Lender | City and State of Lender | Loan Period Beginning Date Mo. Year | Interest Rate | Unpaid Balance |
|---|---|---|---|---|
| | | Mo. Year | % $ | |
| | | Mo. Year | % $ | |

**16. Wisconsin Residents Only.**
Marital Status: [ ] married [ ] unmarried [ ] legally separated
If married, spouse's name and address:

| 17a. Parent or Guardian (if deceased, other relative) | Relationship: | 17b. Other Relative (not living at 17a or 17c or 4) | Relationship: | 17c. Other Relative or Friend (not living at 17a or 17b or 4) | Relationship: |
|---|---|---|---|---|---|
| Name: Emma Huguley | Cousin | Veronica Moon | Cousin | Calvin Bailey | Friend |
| Address: 8108 Hendrie | | 18205 Evergreen | Since: | 644 Charlotte | Since: |
| City/State/Zip: Det, mich | Since: | Det, Mich 48219 | | Det, mich 48201 | |
| Area Code/Telephone No.: | | | | | |
| Place and City of Employment: Marianne Clothing | | None | | City of Detroit | |

**Promissory Note for a Guaranteed Student Loan**

1. I Promise To Pay I, called Maker identified in Section 1, Item 2 and "Endorser", if any, identified in Section 1, Item 18c, promise to pay to the lender identified in Section 35, when this note becomes due as set forth in paragraph 6 (on reverse side), the sum of

**18a.** Two thousand Six Hundred Twenty-five **DOLLARS** Requested Loan Amount - Must be the same as item 10.

($ 2,625 .00) or such lesser amount as is advanced to me and identified to me in the GSL Disclosure Statement, plus interest computed at the applicable rate disclosed on the GSL Disclosure Statement. If I am not satisfied with the terms of the loan on the GSL Disclosure Statement, I may cancel this agreement, I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the GSL Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

**NOTICE TO THE MAKER:** DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES.

**18b.** Maker's Signature  *Eve Hill*  (Seal)  Date 9-2-88

**18c.** Endorser's Signature  (Seal)  Date

Endorser's Soc. Sec. No.  Endorser's Address

---

**NATIONAL TECHNICAL INSTITUTE**  **SECTION 2—TO BE COMPLETED BY THE SCHOOL**

144 W LAFAYETTE #200
DETROIT, MICHIGAN 48226

| 20. Address | City, State, Zip Code | 21. Area Code/Telephone No. 313 961-2240 |
|---|---|---|

| 22. School Code 028405 | 23. Borrower Enrolled: Full | 24. Dependency IND | 25. Loan Period From 09 06 88 To 02 03 89 | 26. Grade 1 | 27. Anticipated Grad. Mo. Year 03 89 | 28. Est. Cost of Educ $ 7950 |
|---|---|---|---|---|---|---|

| 29. Est. Fin. Aid $ 2200 | 30. E.F. Contribution $ 154 | 31. Approved Loan Amount $ 2,625 | 32. 1st Disbursement Date Mo. Day Year 09 06 88 | 32. 2nd Disbursement Date Mo. Day Year |
|---|---|---|---|---|

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

34. Signature of School Official  Print Name and Title  Date 1-5-88

---

**SECTION 3—TO BE COMPLETED BY THE LENDER**

| 35. Name of Lender **Aetna Bank** | 40. 1st Disbursement Amount $ 2625.— |
|---|---|
| 36. Street Address **Lincoln, Fullerton & Halstad** City, State, Zip Code **Chicago, IL 60614** | 41. 2nd Disbursement Amount $ |
| 37. Lender Code **829256** | 38. Entity Number | 39. Area Code/Telephone No. **(312) 935-6000** | 42. Total Amount Approved $ 2625.— |

43. Signature  *Bonnie Dauby*  Print Name and Title  Bonnie Lauby  Student LN Rep 1-5-98  Date

**LENDER COPY A**

SUBMITTED

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

_Jay Bell_                    12-15-9C
NAME                          DATE

**2. DEFINITIONS.** All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage of the terms. Any meaning is ascribed to them Title IV, Part B Higher Education Act of 1965 (20 U.S.C. 1071 *et seq.*), as amended, called the "Act" or Federal Regulations. The U.S. Secretary of Education shall be called the "Secretary" The Great Lakes Higher Education Corporation shall be called "GLHEC".

**3. APPLICABLE INTEREST RATE.** (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement un the entire principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment it is determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the even that the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choo to pay the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except where the interest on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) T interest rate will be determined according to the following: (a) If the Maker has an outstanding Guaranteed Student Loan(s) ("GSL") on the date the Maker signs this Note, the applica interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If the Maker is borrowing for a period of enrollment which begins before July 1988, and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If the Maker is borrowing for a period of enrollment which begins before July 1988, and the Maker has no outstanding GSL(s) but the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment period before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If t Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment period beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status. (5a) The applicable interest rate (a) until the e of the fourth year of the Maker's repayment status, and (b) beginning with the fifth year of the Maker's repayment status, will be identified on the GLHEC GSL Disclosure Statement. (6) T Maker may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this no may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

**4. GUARANTEE INSURANCE FEE.** The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GS Disclosure Statement and it will be deducted proportionally from each disbursement of this loan. This fee may be refundable if the amount of this loan has been disbursed to the Maker.

**5. LOAN ORIGINATION FEE.** The Maker agrees to pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issue pursuant to the sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and will be deducted by the lender from each disbursement of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

**6. PAYMENT OF NOTE.** During the interim period consisting of the time the Maker continues to carry at an eligible institution at least one half the normal full-time academic workload a determined by that institution plus the Grace Period, no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker qualifies for interes subsidy. During the Grace Period, the lender will provide the Maker and the Maker will sign, a Payment Schedule and Disclosures form which will establish the number and amounts of th payments necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The lender may add an the date the Repayment Period begins, the Maker and not the Secretary is liable for all interest accruing on this Note except during authorized deferment periods. From payment provided in par. 7 is applicable, the Repayment Period lasts at least 5 years but no more than 10 years, (except for authorized periods of deferment and forbearance). If the lender and Maker agree to a Repayment Period of less than 5 years, the lender will, at the Maker's request, extend it to 5 years, unless doing so would reduce the Maker's payments below the minimum required by par. 7. The Maker agrees (A) to notify the lender promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic workload, (B) to sign the Payment Schedule and Disclosures form, provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and (C) to pay the Note i accordance with the Payment Schedule and Disclosures form. Receipt or signature of the Payment Schedule and Disclosures form by the Maker shall not be a condition precedent to liabilit for payment of any sums owed by the Maker and any Endorser.

**7. MINIMUM PAYMENT.** The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise agreed to by lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding GSL an PLUS/SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

**8. PREPAYMENT WITHOUT PENALTY.** The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearne interest that was paid.

**9. LATE PAYMENT PENALTY.** A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after it is scheduled or deferred due date The late charge may not exceed 6% of each installment or $6 for each installment whichever is less. This charge may be added to the Maker's account and deducted from any future payments prior to allocation toward payment of any principal or interest.

**10. COLLECTION CHARGES.** The Maker and Endorser are liable for all charges and collection costs, including statutorily authorized attorneys fees, that are permitted by Regulations o the Secretary and are necessary for the collection of the loan.

**11. SECURITY INTEREST.** This Note is unsecured and the lender expressly waives, as security for this Note, any security interest held by the lender.

**12. DISBURSEMENT SCHEDULE.** The Maker and lender agree that the amount paid to the Maker shall be disbursed by check payable to the order of and requiring the endorsement of th Maker according to the schedule listed on the GSL Disclosure Statement.

**13. DEFERMENT.** Payment of principal will be deferred after the repayment period begins, provided Maker complies with the procedural requirements set forth in the regulations governing the GSL Program in any of these circumstances including deferment renewals that may be required: (A) While Maker is enrolled — (a) Full-time study at a school that is participating in the GSLP unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States; (b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies). (c) A graduate fellowship program approved by the Secretary; or (d) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following while Maker is — (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Services; (b) Serving as a Peace Corps volunteer; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined comparable to service in the Peace Corps or ACTION programs; or (e) Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service. (D) For a period not exceeding 2 years while Maker is conscientiously seeking but unable to find full-time employment in the United States; and (E) Up to 6 months following graduation from school or ceasing to be enrolled at least half-time. To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**14. EVENTS OF DEFAULT.** This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of Maker to pay in full any monthly installment when due provided that this failure persists for a period of 180 days for loans repayable in monthly installments; or (B) Maker is concientiously seeking an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13. Payment arrangements which may be allowed by the Great Lakes Higher Education Corporation after default shall not reinstate or renew any such terminated rights of the Maker.

**15. CONSEQUENCES OF DEFAULT.** Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for all charges and collection costs including statutorily authorized attorneys fees) permitted by Federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any sums due under this Note. If this loan is referred for collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser will jointly and severally pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on the defaulted loan, GLHEC reserves the right to collect interest on the judgment at any rate up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified in this Note.

**16. CREDIT BUREAU NOTIFICATION.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This may significantly affect the Maker's ability to obtain other credit.

**17. ADDITIONAL PROVISIONS.** (A) The Maker and any Endorser are jointly and severally liable for the full amount of this loan and consent to the terms of this Note and waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any payment schedule as well as any and all extensions, consolidations and renewals without notice. (B) The Maker agrees to be bound by the terms of this Note and to be accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from the time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance, graduation or transfer to other schools) or home address from that prohibited by the law or regulation, the lender and/or GLHEC will disclose information about the status of this loan to credit bureau organizations upon the Maker's request. If not otherwise shown in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise GLHEC regulations governing the GSL program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights and responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be available to the Maker for GSL and other educational loans. For further information the Maker should contact GLHEC.

**BORROWER CERTIFICATION.** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on a PELL Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on any loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS/SLS or ALAS Programs at any school. I hereby authorize the educational institution to pay to the lender any refund which may be due up to the amount of this loan. I further authorize any educational institution that I may attend, or GLHEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, educational institution or GLHEC to make inquiries from prior or subsequent lenders or holders with respect to any application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named on this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that institution for the loan period stated. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

12-15-8

NAME

DATE

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #4 OF 4**

Eve M. Hill
aka: Eve Hill
4 E. Alexander Ave., Apt. 1119
Detroit, MI. 48201
Account No. XXX0

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 4/02/12.

On or about 9/02/88, the borrower executed promissory note(s) to secure loan(s) of $3,095.00 from Bank of America, Pasadena, CA. This loan was disbursed for $3,095.00 on 11/25/88 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 10/28/92, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,882.71 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 7/12/99, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $250.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 4,882.71 |
| Interest: | $ 5,973.48 |
| Total debt as of 4/02/12: | $10,856.19 |

Interest accrues on the principal shown here at the current rate of 3.42% and a daily rate of $0.46 through June 30, 2012, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4 / 02 / 12

Laura Bevan
Loan Analyst
Litigation Support Unit

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

*After lender completes application, mail HEAF copy only to this address.*

HEAF USE ONLY

SUPPLEMENTAL LOAN
FOR STUDENTS
(SLS) APPLICATION/
PROMISSORY NOTE

SLSC #1242

1988 NOV 14  AM 11: 53

**SECTION A — TO BE COMPLETED BY BORROWER** *(PRINT IN INK–PRESS FIRMLY–OR TYPE)*

1. NAME (NO NICKNAMES)   LAST **Hill**   FIRST **Eve**   M.I. **M**

4. PERMANENT ADDRESS   **4E Alexandrine #1119**

5. PERMANENT HOME PHONE **(313) 832-5049**

CITY **Det**   STATE **Mich**   ZIP **48201**

6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2)   1 ☒ U.S. CITIZEN OR NATIONAL   2 ☐ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

7. PERMANENT RESIDENT OF WHICH STATE **mi**

8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9) **None**

8b. STATE IN WHICH LICENSE ISSUED

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP) **Same**

10. PHONE AT SCHOOL ADDRESS ( ) **Same**

11. MAJOR COURSE OF STUDY, SEE CODES IN INSTRUCTIONS IN APP. BOOKLET

12. LOAN AMOUNT REQUESTED $ **3095** .00

13. PERIOD LOAN WILL COVER   FROM **09** YR **88**   TO **02** YR **89**

**PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET**

14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) LOANS? ☐ YES (GO TO 14b) ☒ NO (GO TO 16)

14b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE $

15. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR SLS (ALAS) $

16. GRADE LEVEL OF MOST RECENT PRIOR SLS (ALAS); SEE INSTRUCTIONS IN APP. BOOKLET

17. LOAN PERIOD START DATE OF MOST RECENT PRIOR SLS (ALAS)   MO   DAY   YR

18. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☒ NO

**REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)**

| | | | |
|---|---|---|---|
| **PARENT** 19a. NAME **Emma Hughley** | STREET **8108 Kendale** | CITY, STATE, ZIP **Det, Mich** | PHONE 3) |
| 19b. NAME **Veronia Moon** | STREET **18205 Evergreen** | CITY, STATE, ZIP **Det, mich 48219** | PHONE |
| 19c. NAME **Calvin Bailey** | STREET **644 Charlotte** | CITY, STATE, ZIP **Detroit mich 4820l** | |

20. IF YOU QUALIFY FOR A DEFERMENT, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL? (IF YES, GO TO 21; IF NO, GO TO 22.) ☒ YES — ☐ NO

YOUR LENDER MAY ALLOW THE INTEREST TO ACCRUE AND CAPITALIZE IT DURING THE DEFERMENT. IF YOUR LENDER MAY COLLECT THE INTEREST FROM YOU IN PERIODIC INSTALLMENTS. IF YOUR LENDER GIVES YOU A CHOICE, WHICH DO YOU PREFER?   ☐ ACCRUE CAPITALIZE   ☐ PERIODIC INSTALLMENT PAYMENTS

*PROMISE TO PAY. I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions disclosed in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.*

22a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)

X **Eve Hill**

22b. DATE BORROWER SIGNED   MO **9**   DAY **3**   YR **88**

**SECTION B — TO BE COMPLETED BY SCHOOL** (BORROWER: DO NOT WRITE IN SECTIONS BELOW)

23. NAME OF SCHOOL   **NATIONAL TECHNICAL INSTITUTE**

25. PHONE **(313) 961-2040**

26. SCHOOL CODE **095025**

24. ADDRESS (STREET, CITY, STATE, ZIP)   **144 W. LAFAYETTE #200   DETROIT, MICHIGAN 48226**

27. SCHOOL BRANCH

28.

29. PERIOD LOAN WILL COVER   FROM MO **09**   DAY **01**   YR **88**   TO MO **02**   DAY **03**   YR **89**

30. STUDENT'S GRADE LEVEL (CHECK ONE)   CORRESE   UNDERGRAD ☐ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5   GRAD. ☐ 6 ☐ 7 ☐ 8 ☐ 9

31. ANTICIPATED GRADUATION DATE   MO **03**   DAY **31**   YR **89**

32. STUDENT'S ENROLLMENT STATUS DURING THE LOAN PERIOD (CHECK 1 OR 2)   1 ☒ FULL-TIME   2 ☐ HALF TIME   UNTIL **03** **31** **89**

33. STUDENT STATUS ☐ DEPENDENT ☒ INDEPENDENT

34. COST OF ATTENDANCE FOR LOAN PERIOD $ **7950**

35. ESTIMATED FINANCIAL AID FOR LOAN PERIOD $ **2200**

36. DIFFERENCE (ITEM 34 LESS ITEM 35) OR LEGAL MAXIMUM $ **5750**

37. SUGGESTED DISBURSEMENT DATES   1ST DISB. MO **09**   DAY **01**   YR **88**   2ND DISB. MO   DAY   YR   3RD DISB. MO   DAY   YR

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL STATUS?   ☒ YES ☐ NO

39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL?   ☐ YES ☒ NO

40. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.

41a. SIGNATURE OF SCHOOL OFFICIAL   X

41b. DATE SIGNED   MO **11**   DAY **5**   YR **88**

41c. PRINT NAME AND TITLE **GEORGE ~~~~~   FINANCIAL AID COUNSELOR**

**SECTION C — TO BE COMPLETED BY LENDER**

42. NAME OF LENDER   **Bank of America**

48. DISBURSEMENT DATE   MO **11**   DAY **18**   YR **88**   AMOUNT $ **3095**

43. ADDRESS (STREET, BUILDING)   **Box 7047**

44. LENDER CODE **824421**

45.

MO   DAY   YR   AMOUNT $

CITY, STATE, ZIP   **Pasadena, CA 91109-7047   (818) 578-7626**

45. BRANCH CODE

47.

MO   DAY   YR   AMOUNT $

50. NUMBER OF MONTHLY INSTALLMENTS **24**

51. DUE DATE OF FIRST PAYMENT   MO **4**   DAY **4**   YR

52. LENDER ACCOUNT NUMBER

53. LENDER USE ONLY

49. TOTAL LOAN AMOUNT APPROVED $ **3095** .00

54a. SIGNATURE OF LENDING OFFICIAL   X

54b. DATE SIGNED   MO **11**   DAY **14**   YR

54c. PRINT NAME AND TITLE   **Taquil Martin/Authorized Officer**

**SECTION D — TO BE COMPLETED BY HEAF**

55. HEAF USE ONLY

56. PROMISSORY NOTE STATUS

57. CREDIT APPROVAL INDICATOR

A353
SLS-F03S3A 2-88

M-3292

## SLS PROMISSORY NOTE

### A. PROMISE TO PAY

The Interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest. For a PLUS or SLS loan disbursed prior to July 1, 1987, the interest may be 9, 12, or 14 percent. For loans disbursed on or after July 1, 1987 the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate PLUS and SLS loans.

2. Guarantee Fee. HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted from my check. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

### B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

### C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT

1. I understand I can either defer principal payments while in school or begin repayment immediately. These options are described below and my choice is indicated in #20 on the front of this application/promissory note.
Deferred Repayment. If I answer YES to #20, I wish to defer repayment of loan principal for reasons explained under Deferment in the HEAE application information booklet. (By law, the repayment period on this loan begins when the loan is disbursed with the first payment due within 60 days of disbursement.) However, during the period of deferment, interest shall, at my lender's option, and in accordance with the terms and conditions on the disclosure statement:
a. be paid by me in installments, or
b. accrue and be added to the principal amount of the loan (capitalized), no more often than quarterly, in accordance with laws and regulations governing the PLUS and SLS programs. I will contact the lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 2 of this Section, without my further approval; however, my lender must inform me of the terms in writing at the latest address which I have provided to the lender.
Immediate repayment. If I answer NO to #20, I agree to begin repaying loan principal and interest within 60 days of disbursement.

2. I will repay this loan within 10 years of the date of this Note, over a repayment period at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
a. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSLP, PLUS or SLS program loans outstanding, we —pay toward principal and interest at least $600 or the unpaid principal balance of all such loans (plus interest) whichever is less.
b. If I qualify for any deferment period described under Deferment in this Note, or if the lender grants "forbearance", those periods will not be included in the 5- and 10-year periods mentioned above.

3. The particular terms and conditions of repayment that apply to this loan will be set forth in the loan disclosure statement that the lender will provide to me.

4. My obligation to repay this loan will be cancelled if I die or become totally and permanently disabled.

### E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid balance on this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such refund will be computed by methods prescribed by which interest payments were computed.

### F. DEFERMENT OF PAYMENT

Certain instances authorized by the Act, the payment of principal are required to make be deferred under Repayment on this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I want such deferment, I must comply with the relevant terms and regulations and the rules and regulations will remain in effect requiring without limitation submission of required forms to the lender. In all cases, I remain responsible for payment of interest during period of deferment which at my lender may, (capitalize) on a periodic basis, or add and compound to the balance of the loan.

### G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established, the lender, under Repayment in this Note, may request the lender will temporarily these terms. I understand that such application or approval by the lender is voluntary and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that Forbearance is forbearance of loan terms under this Section is permitted under the Act as described in this Note. I understand that if this period I will remain responsible for payment of interest, which my lender may, capitalize on a periodic basis, or add and compound to the principal balance of the loan.

### H. DEFAULT

1. Definition—Understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan, including interest, immediately due and payable:
a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans;
d. I will be ineligible for the benefits described under Repayment and Deferment in this Note;
e. I will also pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Deducting these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date;
f. The lender may assign this Note to HEAF. I will then be required to pay HEAF all amounts owed.

### I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

### J. CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.

The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

### BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. If my lender's option under the SLS program, I authorize the lender to make my loan check(s) (only) payable to me and my school. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or HEAF to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or respond to inquiries from my parents (under the SLS program), or prior and subsequent lenders or holders, with respect to my loan application and related documents. I also authorize the lender, subsequent holder, their agent or HEAF to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of locating my current address and telephone number. I also authorize the school, subsequent holder, their agent or HEAF to check my credit and employment history and answer questions about their credit experience with me. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at that institution for the loan period. I specifically that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a borrower eligible for participation in the PLUS or SLS program and that I do not owe a refund to an Title IV aid program. I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by the school to have financial need. Under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any Title IV student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

SLS-A553  2-88